**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **STEVE LAMBERT,[1]** **Movant,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:05-0401 (CRIMINAL NO. 1:01-0237-02)** |
| **UNITED STATES OF AMERICA,** **Respondent.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

By Order entered May 10, 2005, the undersigned ordered the Clerk to open a new file indicating Mr. Lambert as the Movant and the cause as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). (Document No. 6.)

## FACTS AND PROCEDURE

On March 18, 2002, Movant pled guilty to Count One of the Indictment charging him with conspiring to distribute oxycodone in violation of 21 U.S.C. § 846. (Criminal No. 1:01-0237, Document Nos. 52, 98, and 99.) A Presentence Investigation Report was prepared. (Id., Document No. 134.) Movant's relevant conduct was determined on the basis of controlled purchases and historical information "from numerous individuals gathered through statements, debriefings, and

---

[1] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on July 6, 2007.

[2] Because Movant is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Federal Grand Jury testimony" to include Tylox, OxyContin and two kilograms of cocaine. (Id., ¶¶ 69 - 70.) Ms. Johnna Newcomb was one of the individuals who provided historical information. (Id., ¶¶ 25 - 27, 29, 32 and 33.) Evidently, Ms. Newcomb indicated in grand jury testimony that she saw Movant's co-Defendant with two kilograms of cocaine. (Id., Document No. 189, transcript of Mr. Justice's sentencing, pp. 5 - 6.) She also indicated that she purchased prescription drugs from Movant. (Document No. 134, ¶ 29.) In view of the relevant conduct, Movant's Base Offense Level was determined to be 28. (Id., ¶ 88.) It was also recommended that Movant receive credit for acceptance of responsibility.[3] (Id., ¶¶ 75 - 85, 95.) Prior to his sentencing hearing, Movant objected to the denial of a two-level reduction pursuant to U.S.S.G. § 5C.1.2(a). (Id., p. 31.) Movant was sentenced on July 1, 2002. At sentencing, Movant continued to object to the recommendations contained in the Presentence Investigation Report by arguing that his sentence should not be enhanced for the possession of a firearm and his sentence should be reduced pursuant to U.S.S.G. § 5C1.2. He did not contest relevant conduct. The District Court therefore determined Movant's Base Offense Level on the basis of the information contained in the Presentence Investigation

---

[3] Movant provided the following information concerning his involvement in the drug trade: (1) Movant knew that Mr. Justice and his two sons, Jeff and Greg, were selling pills (Criminal No. 1:01-0237, Document No. 134, ¶ 76.); (2) Movant admitted that he gave Jeff and Greg pills as compensation for doing odd jobs for him and that they may have sold the pills (*Id.*, ¶ 77.); (3) Movant admitted that he bought and borrowed approximately 125 Oxycontin pills from Mr. Justice during a one year period (*Id.*, ¶ 80.); (4) Movant admitted to transporting an individual to Bland, Virginia, on at least two occasions to purchase Oxycontin (*Id.*, ¶ 81.); (5) Movant admitted to purchasing 20 Oxycontin pills from a person know as 'Whistle' on two occasions (*Id.*); (6) Movant admitted to purchasing 10 pills from an individual know as 'Tiny' (*Id.*); (7) Movant admitted to purchasing 20 Oxycontin pills from an unknown individual driving a black Jeep, who was acquainted with his son, Jeff (*Id.*, ¶ 82.); (8) Movant admitted to purchasing $100 bags of cocaine from Darrell Dotson on two or three occasions and that Dotson possessed 'kilos' of cocaine (*Id.*); (9) Movant admitted that individuals would flag him down on the road and ask to buy pills or would call and arrange buys (*Id.*, ¶ 83.); and (10) Movant admitted that Greg sold drugs from Movant's residence (*Id.*, ¶ 84.).

Report respecting (1) controlled purchases of Tylox, OxyContin and cocaine, (2) drugs found in searches of Movant's and his co-Defendants' residences and (3) the historical information respecting the two kilograms of cocaine as Ms. Newcomb had testified and significant amounts of Tylox and OxyContin. (Id., Document No. 162.) The District Court enhanced Movant's sentence by two-levels for possession of a firearm and granted Movant a three-level downward adjustment for acceptance of responsibility. Therefore, the District Court sentenced Movant at Offense Level 27/Criminal History Category I to serve a 78-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 140.) The District Court also imposed a special assessment of $100.00, and imposed a $1,000 fine. (Id.) On July 11, 2002, trial counsel, Mr. Stanley Selden, filed a notice of appeal on Movant's behalf. On November 26, 2002, counsel filed Movant's appellate brief arguing that the District Court erred in applying the weapon enhancement of U.S.S.G. § 2D1.1(b)(1), and in finding that he did not qualify for the safety valve reduction pursuant to U.S.S.G. § 2D1.1(b)(6). (Id., Document Nos. 123 and 167.) On March 13, 2003, the Fourth Circuit affirmed Movant's sentence. (Id., Document No. 167.); United States v. Lambert, 59 Fed. Appx. 576 (4th Cir. 2003).

On March 21, 2002, Movant's co-Defendant, Butchie Dion Justice, pled guilty to Count One of the Superseding Indictment in Criminal No. 1:01-0237 charging him with conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846. (Criminal No. 1:01-0237, Document Nos. 100 and 101.) Mr. Justice's counsel, Mr. Gregory Campbell, challenged the relevant conduct contained in the presentence report. Specifically, Mr. Campbell disputed the two kilograms of cocaine attributed to Mr. Justice and the other Defendants through the testimony of Ms. Newcomb. The United States subpoenaed Ms. Newcomb to testify at Mr. Justice's sentencing. On August 1, 2002, while Movant's

appeal was pending in the Fourth Circuit and nearly three months before Movant's appellate counsel would file his brief on appeal, the District Court conducted Mr. Justice's sentencing hearing. Defense counsel argued that information provided by Ms. Newcomb was unreliable because she was a drug user and admitted to having problems with her memory. Although Ms. Newcomb was subpoenaed as a witness, she failed to appear for the sentencing hearing. The District Court sustained Mr. Justice's objection to the attribution of two kilograms of cocaine to his relevant conduct stating as follows:

> Well, if I had an opportunity to hear her and judge her credibility I wouldn't be as concerned, but in her absence, and the fact of her excessive drug use during this period of time and the fact that she said that she couldn't - - she admitted apparently, that it did cause her problems with her memory, I'm inclined to - - and the fact that there is no corroboration as to these quantities, although there is abundant corroboration that cocaine transactions were part of the conspiracy, I think I'm constrained under the circumstances to give the defendant the benefit of the doubt and to sustain this objection. And I do so very reluctantly, but particularly in view of the fact that there are quantities of cocaine which are properly attributable to this defendant, but I don't think the fact that - - well, I'm satisfied cocaine was part of the conspiracy, and I don't buy Mr. Campbell's legal argument. And obviously there are quantities of cocaine that could be included in relevant conduct under that interpretation of the applicable law, but the Government's put all its eggs in the Johnna Newcomb basket on the two kilograms, and she's not here for me to assess her credibility, and Mr. Campbell has raised serious question about whether she had the ability to accurately perceive and remember what she apparently has said about this. And I think that, under the circumstances, I'm constrained to sustain the objection; and the objection is sustained and the two kilograms will not be included in the relevant conduct.

(Id., Document No. 189, pp. 17 - 18.) Based upon the exclusion of the two kilograms of cocaine, Mr. Justice's Base Offense Level was reduced from 28 to 26. Mr. Justice qualified for a three-level downward adjustment for acceptance of responsibility, and he was sentenced at Offense Level 23/Criminal History Category III to serve a 71-month term of incarceration. (Id., p. 21; Document No. 155.)

On March 22, 2004, Movant filed a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582. (Civil Action No. 1:04-0276, Document No. 2.) Movant requested that the Court modify his sentence on the basis of Amendment 657, adopted by the U.S. Sentencing Commission effective November 1, 2003, which changed the method of weighing oxycodone for the purpose of determining the offense level. Movant asked that Amendment 657, which is retroactive, be applied to reduce his sentence. (Id.) On April 30, 2004, the undersigned entered Proposed Findings and Recommendation that the Motion be denied. (Id., Document No. 5.) Movant filed objections to the undersigned's Findings and Recommendation on May 14, 2004. (Id., Document No. 6.) On July 30, 2004, Movant filed a Supplement to Amend Judgment Pursuant to 18 U.S.C.§ 3582(c) citing the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Civil Action No. 1:04-0276, Document No. 7 and Civil Action No. 1:05-0401, Document No. 2.) On April 28, 2005, he filed a Second Supplemental Motion to Amend Judgment and Correct Sentence again citing Blakely and additionally citing the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). (Civil Action No. 1:04-0276, Document No. 9 and Civil Action No. 1:05-0401, Document No. 3.) Movant also alleged that the two kilograms of cocaine was based upon information provided by an unreliable witness, Ms. Newcomb, whose testimony was rejected in the sentencing of his co-Defendant, Mr. Justice. Thus, Movant contended that the District Court correctly refused to add two kilograms of cocaine in calculating the sentence of Mr. Justice, and must do the same in his case. Therefore, the Court found that Movant's Supplemental and Second Supplemental Motions (Civil Action No. 1:04-0276, Document Nos. 7 and 9 and Civil Action No. 1:05-0401, Document Nos. 2 and 3.) raised issues properly considered under 28 U.S.C. § 2255 – the correctness of the District Court's attribution of

two kilograms of cocaine and the Blakey/Booker issues. (Civil Action No. 1:04-0276, Document No. 10 and Civil Action No. 1:05-0401, Document No. 1.) On May 10, 2005, the undersigned ordered the Clerk to open a new file indicating Mr. Lambert as the Movant and the cause of action as a 28 U.S.C. § 2255 Motion to Vacate/Correct Illegal Sentence case, which initiated the instant proceeding. (Id.) On August 8, 2006, the District Court adopted the undersigned's Findings and Recommendation and denied Movant's Motion for Modification of Sentence filed pursuant to 18 U.S.C. § 3582. (Civil Action No. 1:04-0276, Document No. 18.)

On May 11, 2005, the Court notified Movant of its intention to re-characterize his Motion and Supplemental Motion as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Civil Action No. 1:05-0401, Document No. 8.) On May 26, 2005, Movant responded to the Court's above notice stating that "Movant respectfully declines the Court's offer to spin his § 3582(c) pleadings to date, into the newly opened § 2255 file, and agrees the Court should rule on the merits of Movant's claims, as raised in his § 3582(c) pleadings filed in docket 1:04-cv-0349 to date."[4] (Id., Document No. 13.)

On June 16, 2005, Respondent filed a Response to Movant's Motion for Collateral Relief. Respondent contends that Movant failed to object to the total drug weight attributed to him during sentencing and failed to raise the issue on appeal. (Id., Document No. 14.) Respondent states that the two kilograms of cocaine was described by the probation officer as being based upon historical

[4] Although Movant persists in proceeding under 18 U.S.C. § 3582, the undersigned finds that Movant's claims are not cognizable under Section 3582 and must be considered pursuant to 28 U.S.C. § 2255. The undersigned further notes that Mr. Justice filed a Motion to Amend Judgment due to Amendment of Drug Equivalency Table Pursuant to U.S.S.G. § 2D1.1, Amendment 657, pursuant to 18 U.S.C. § 3582(c), and the District Court denied it. *Justice v. United States*, Civil Action No. 1:04-0507, Document No. 9.

information provided by "numerous individuals." (Id., p. 5.) Finally, Respondent claims that Movant's case was final well before the Supreme Court's decision in Booker and the Sixth Amendment implications of Booker are not retroactive. (Id., p. 6.)

On July 7, 2005, Movant filed a Reply arguing that his "guilty plea was to Count One of the indictment (conspiracy) without any drug weight being charged against him in that count, and because he was sentenced (7/1/02) after the Apprendi ruling came down June, 2000, (rendering Apprendi applicable to Petitioner); he should have been sentenced on the basis of the total ('actual') weight of the drugs set forth in the count he pled guilty to; specifically, the drug weight/sentence calculation set out at pages 15-17 of Movant's Second Supplemental Motion to Amend Judgment and Correction Sentence." (Id., Document No. 15, p. 21.) Movant asserts that according to Booker and Blakely he "must be resentenced without consideration for the unsworn allegations and the uncharged, unconvicted, and unadmitted to relevant conduct." (Id., p. 22.) Movant further argues that trial counsel, Mr. Selden, acted ineffectively by failing to object to total drug quantity attributed to Movant in the Presentence Investigation Report . (Id., pp. 9 - 14.)

**DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral

attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

**1. The District Court's Determination of Relevant Conduct.**

Movant initially claimed that the District Court erred in attributing the two kilograms of cocaine to him because the quantity was based upon the testimony of Ms. Newcomb and the Court determined in Mr. Justice's sentencing proceedings that Ms. Newcomb's testimony was unreliable. Standing alone, this claim must be denied as procedurally defaulted. A claim is procedurally defaulted by failing to raise it on direct appeal. It is well settled that non-constitutional issues that could have been raised on direct appeal, but were not, may not be raised in a collateral attack such as a Section 2255 Motion. Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); Stone v. Powell, 428 U.S. 465, 477, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); Sunal v. Large, 332 U.S. 174, 178 - 179, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Courts have reasoned that "a final judgment commands respect" such that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Examples of procedurally defaulted issues include errors of law committed by the trial court, such as "the existence of evidence to support any conviction, irregularities in the grand jury procedure, departure from a statutory grant of time in which to prepare for trial, and other errors in trial procedure which do not cross jurisdictional lines." Sunal, 332 U.S. at 179, 67 S.Ct. at 1591.

Based on the foregoing, the undersigned finds that Movant waived his above claim because it is a non-constitutional claim, which he failed to raise at sentencing or on direct appeal.[5] See United States v. Jones, 125 F.3d 849 (4th Cir. 1997)(Petitioner waived his non-constitutional claim that the drug quantities attributed to him in the presentence report were erroneous because he failed to raise

[5] To the extent Movant is raising this claim in the context of an ineffective assistance of counsel claim, it will be addressed below.

the issue at sentencing or on direct appeal); Hunter v. United States, 160 F.3d 1109, 1115 (1998)(Petitioner's relevant conduct and criminal history issues were non-constitutional errors, which were procedurally defaulted). Movant's direct appeal was pending for months after Mr. Justice's sentencing. Indeed, Movant's appellate counsel filed his brief on appeal nearly three months after Mr. Justice's sentencing hearing. Movant could have raised the issue on direct appeal, but did not.

Moreover, Movant's claim is without merit. Factual evidence considered at sentencing must have some minimal indicia of reliability beyond mere allegation. United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991). Thus, any relevant information that has sufficient indicia of reliability to support its accuracy may be considered by the Court when calculating drug quantities. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). It is clear from a single reading of the record that the information contained in the Presentence Investigation Report had a "minimal indicia of reliability beyond mere allegation." The information about the two kilograms of cocaine as related in the Presentence Investigation Report was obtained from Ms. Newcomb's grand jury testimony and transcripts from a subsequent debriefing. Furthermore, the Presentence Investigation Report states that the historical information utilized in calculating relevant conduct was obtained from "numerous individuals gathered through statements, debriefings, and Federal Grand Jury testimony." (Criminal No. 1:01-0237, Document No. 134, ¶ 71.) The information utilized by the District Court in determining Movant's relevant conduct met the applicable standard of reliability.

**2. Constitutionality of Movant's Sentence.**

By asserting that his sentence is improperly based upon facts found by the District Court and not by a jury, Movant is claiming that his sentence is unconstitutional under Apprendi v. New Jersey,

530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[6] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" Booker, 534 U.S. at 267, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals joined nine other Circuit Courts of Appeals, which had considered whether Booker applies retroactively to persons whose convictions were final prior to the

[6] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

Supreme Court's decision, and determined that it does not. United States v. Morris, 429 F.3d 65 (4th Cir. 2005).

In the instant case, the statutory maximum which the District Court could impose in view of Movant's plea of guilty was twenty years in prison. Movant's 78-month sentence does not exceed the maximum penalty authorized in view of his plea of guilty. Accordingly, Movant cannot claim an entitlement to relief under Apprendi and Blakely. Second, Blakely and Booker were decided after Movant's sentence became final. See Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(*citing*, Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). The Fourth Circuit affirmed the Movant's sentence on March 13, 2003. Movant had 90 days from the date of judgment to file a Petition for Writ of Certiorari with the United States Supreme Court. U.S. Sup. Ct., Rule 13. Movant, however, did not file a petition with the United States Supreme Court. Therefore, Movant's sentence became final in June, 2003, prior to the Supreme Court's decisions in Blakely (June 24, 2004) and Booker (January 12, 2005). As stated above, the Fourth Circuit has determined that Booker, which made Blakely applicable to the Federal Sentencing Guidelines, is not retroactive with respect to persons whose convictions were final prior to the Supreme Court's decision. United States v. Morris, 429 F.3d at 72.

**3. Ineffective Assistance of Counsel.**

Movant charges that his trial attorney, Mr. Selden, was ineffective in failing to object in his sentencing proceedings to the attribution of the two kilograms of cocaine as relevant conduct as Mr. Justice's counsel, Mr. Campbell, did. The undersigned finds that while Movant presents a cognizable claim, it is nonetheless without merit.

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91, 104 S.Ct. at 2064-66. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065-66.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

**(a) Failure to Object to Historical Relevant Conduct.**

Movant argues that trial counsel acted ineffectively by failing to object to the total drug quantity calculation contained in the Presentence Investigation Report . Specifically, Movant states that counsel failed to "raise any objection to the inclusion of the Newcomb (two kilograms of cocaine) allegation or the other drug weights, 'historical' or otherwise, added as relevant conduct

to the aggregate drug weight used in arriving at Petitioner's sentence." (Civil Action No. 1:05-0401, Document No. 15, p. 14.) Movant alleges that the information provided by Ms. Newcomb was unreliable because her testimony was rejected in the sentencing of his co-Defendant.

When reviewing a claim of ineffective assistance of counsel, the Court must "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 at U.S. at 689, 104 S.Ct. 2052. With the advantage of hindsight obtained through Mr. Justice's sentencing proceedings, Movant is alleging that trial counsel was ineffective in his failure to specifically challenge Ms. Newcomb's reliability. In Mr. Justice's case, the District Court's inability to hear the testimony of Ms. Newcomb and judge her credibility weighed substantially upon its decision to disregard the two kilograms of cocaine as relevant conduct. Thus, in hindsight, it appears to Movant that directly challenging Ms. Newcomb's testimony may have been more effective than presenting alternative arguments as Mr. Selden did. This Court, however, must evaluate the challenged conduct "from counsel's perspective at the time." Furthermore, it is not enough to show that there was an omission or that counsel could have done more. Movant must show that this omission fell below the range of acceptable professional assistance. See Strickland, 460 U.S. at 690, 104 S.Ct. at 2066.

While Mr. Selden did not object to the information provided by Ms. Newcomb, he did file a written objection to the finding contained in the Presentence Investigation Report that Movant did not qualify for a sentence reduction pursuant to U.S.S.G. § 5C1.2. (Criminal No. 1:01-0237, Document No. 134, p 31.) During sentencing, Mr. Selden continued to object to the Presentence Investigation Report arguing that (1) Movant's sentence should be reduced by two-levels pursuant

to U.S.S.G. § 5C1.2,[7] and (2) Movant's sentence should not be enhanced by two-levels for possession of a firearm. (Civil Action No. 1:05-0401, Document No. 14, pp. 11 - 12.) The Court notes that a frivolous denial of relevant conduct will support the District Court's rejection of an acceptance of responsibility reduction.[8] In the instant case, the probation officer recommended a three-level sentence reduction based upon Movant's acceptance of responsibility.[9] (Criminal No. 1:01-0237, Document No. 134, p. 22.) It is certainly feasible that Movant's attorney perceived that challenging relevant conduct would not be productive and might give the District Court reasons to deny Movant credit for acceptance of responsibility when the attribution of the two kilograms of cocaine was based upon Ms. Newcomb's grand jury testimony and a 35-page transcript of a debriefing. (Id., Document No. 47.) At the time of Movant's sentencing, counsel had no reason to believe that Ms. Newcomb would not appear in court and testify constantly with her prior testimony. The Court further notes that Ms. Newcomb was not impeached or found unreliable in Mr. Justice's sentencing proceedings. The evidence which she had provided through her grand jury testimony and

---

[7] Specifically, counsel argued as follows: "We realize that my client had a number of firearms in his home and that was the basis for the denial, but we would like to point out to the court that in the transactions that occurred and on his person he did not actually have a firearm in the commission of any of these crimes." (Civil Action No. 1:05-0401, Document No. 14, p. 11.)

[8] Although a defendant is not required to volunteer information, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, Commentary, Application Note 1(a).

[9] Specifically, the Presentence Investigation Report states as follows: "The probation officer believes the defendant has demonstrated an acceptance of responsibility for the essential elements of his case. Therefore, a two-level decrease in the offense level is recommend. Since the offense level prior to the recommended two-level reduction for acceptance of responsibility is 16 or greater, the probation officer recommends an additional one-level decrease because the defendant notified authorities of his intention to enter a plea of guilty in a timely manner. (Criminal No. 1:01-0237, Document No. 134, p. 22.)

statement was disregarded because she failed to appear and testify. The undersigned finds that Movant's counsel made a tactical decision not to challenge relevant conduct and rather present legitimate arguments that Movant's sentencing range should be reduced based upon other grounds. See Griffin v. United States, 204 Fed. Appx. 792, 2006 WL 3024707 (11th Cir. (Ala.))(Trial counsel's failure to object to the district court's calculation of the drug-quantity base offense level was not ineffective assistance of counsel where counsel objected to the calculation on other grounds, but failed to object on the same grounds successfully raised in co-defendant's appeal.) Based on the foregoing, the undersigned finds that counsel's representation did not fall below an objective standard of reasonableness and Movant has not met and can not meet the competence prong of the Strickland analysis.

**(b) Failure to Appeal Relevant Conduct.**

Movant argues that counsel failed to raise the issue of his relevant conduct on appeal. Specifically, Movant again contends that the relevant conduct used to determine his total drug quantity was unreliable. Thus, Movant is asserting that counsel acted ineffectively by failing to present an allegedly meritorious issue on appeal. Even assuming the issue to be meritorious, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The"[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting

Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). The undersigned notes that counsel filed an appeal on Movant's behalf alleging that the District Court erred in applying the weapon enhancement of U.S.S.G. § 2D1.1(b)(1), and in finding that he did not qualify for the safety valve reduction pursuant to U.S.S.G. § 2D1.1(b)(6). Therefore, Movant's claim that counsel was ineffective by failing to appeal Movant's total drug quantity is without merit.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:05-0401, Document Nos. 2 and 3 and Civil Action No. 1:04-0276, Document Nos. 7 and 9.) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant at his address as the undersigned has learned it from the Office of Probation

Mr. Steve Lambert
HC 60, Box 230
Iaeger, WV 24844

and to counsel of record.

Date: July 18, 2008.

R. Clarke VanDervort
United States Magistrate Judge